McCAIN, Justice.
This is an original proceeding in mandamus. An alternative writ was issued and a return has been filed.
In 1961, Aerojet-General Corporation, as lessee, entered into a 10-year lease agreement for a tract of land in Dade County. Lessors were the Trustees of the Internal Improvement Fund and The Board of Education of the State of Florida. The agreement gave Aerojet an option to purchase the land from the lessors at any time within the 10-year period. In 1969 Aerojet attempted to exercise its option to purchase the specified land. The Trustees, however, refused to convey, asserting that the lease-option agreement had been conditioned upon continued use by Aerojet of the manufacturing plant located on the land. It appeared that the plant in question had become inactive in 1967.
Aerojet thereupon sued in the U. S. District Court for the Northern District of Florida for specific performance of the provisions of the contract. That court determined that Aerojet had performed all conditions precedent to the exercise of the option clause, and ordered specific performance. Aerojet-General Corporation v. Kirk, 318 F.Supp. 55 (N.D.Fla., 1970). The decision of the District Court was affirmed on appeal: Aerojet-General Corporation v. Askew, 453 F.2d 819 (5th Cir. 1971). Because these opinions do not touch upon the contentions raised in the present mandamus proceeding, we do not discuss them in detail here.
Metropolitan Dade County now petitions for writ of mandamus here alleging that it has statutory right of first refusal to the *829 disputed tract of land, and seeking to compel the Trustees to offer the land to the County prior to any conveyance to Aerojet. Dade County argues that the Trustees are bound by Fla.Stat. § 253.111, F.S.A., enacted in 1965, which provides, in pertinent part:
“The board of trustees of the internal improvement trust fund of the state shall not sell or convey any land to which they hold title unless and until they shall afford an opportunity to the county in which such land is situated to receive such land for public purposes ...”
It is urged that Fla.Stat. § 253.111, F.S. A. is inapplicable to the present transaction because the contract between Aerojet and the Trustees was entered into some four years prior to enactment of the statutory provision. We agree that if the problem were purely one of statutory construction, this argument would be entitled to serious consideration. However, our study of the contract itself leads us to conclude that the parties intended that subsequently enacted statutes be taken into consideration. We view the following language from the option clause [Section 8(a) and (b) ] as critical :
“8. The Lessor herewith grants to the Lessee the exclusive right, option and privilege to purchase all of the land described herein at any time within the ten (10) year lease period .... In the event the Lessee exercises its right, option and privilege . . . the purchase price of said land . . . shall be payable as follows:
“(a) Upon the election of Lessee, the total amount of the purchase price . . . shall be paid to Lessor simultaneously with delivery to Lessee of a deed to said lands vesting good and merchantable fee simple title thereto in Lessee subject only to applicable statutory rights and reservations in effect on. date of conveyance . . . , or
“(b) Upon election of Lessee, the payment of any amount equal to' or in excess of twenty per cent (20i%) of the total purchase price . . . shall be paid to Lessor simultaneously with the execution of a contract to purchase by and between the parties hereto, which contract to purchase shall provide for a promissory note for an amount equal to the unpaid balance due to Lessor from Lessee for purchase price of said lands .... Upon payment to Lessor by Lessee of the promissory note representing the balance due on contract to purchase, the Lessor agrees to deliver to said Lessee a fee simple deed to said lands vesting good and merchantable fee simple title in Lessee, subject only to the applicable statutory rights and reservations in effect on date of the contract to purchase . . . .” (Emphasis supplied.)
Since both methods by which the option may be exercised are expressly made subj ect to applicable statutory rights and reservations in effect on date of conveyance or contract to purchase, we are of the view that Fla.Stat. § 253.111, F.S.A., which is presently in effect, must be complied with before the parties may complete their transaction.
Accordingly, the writ of mandamus heretofore sought by Dade County is issued and the Board of Trustees of the Internal Improvement Fund is ordered to offer the land to Dade County for purchase in accord with the provisions of Fla.Stat. § 253.-111, F.S.A. Let the peremptory writ issue.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS and BOYD, JJ., concur.