RAWLS, Acting Chief Judge.
The sole point on this appeal posed by appellant is: Did the trial court commit reversible error in dismissing plaintiff’s complaint on the ground that the federal district court had prior jurisdiction, and in refusing to temporarily enjoin the defendants ?
Pertinent allegations in plaintiff’s complaint are: Plaintiff is a citizen and taxpayer of the City of Jacksonville, is a Civil Service employee and a member of the Jacksonville Fire Department. The plaintiff brings this suit in his own behalf and on behalf of all other persons similarly situated. Defendant, Sharpless, Jr., is Chief of the Personnel Division of the Department of Civil Services of the City of Jacksonville, Florida, and the remainder of the defendants constitute the Civil Service Board of the Consolidated City of Jackson *563 ville. Defendant Sharpless, on June 16, 1971, sent a letter [1] to the Chairman of the Civil Service Board outlining a plan for the hiring of black firemen for the City’s fire department which recommended establishment of separate lists for applicants for the position of Fire Private; one list to be composed of white applicants and the other of black applicants. On July IS, 1971, the City of Jacksonville filed a report in the United States District Court for the Middle District of Florida, which report is the consolidated plan set forth by the City for hiring black firemen. The City offered to take whatever steps necessary to hire 50% black and 50% white applicants to fill funded positions of Fire Private from the appropriate eligible list, until the ratio in the fire department of black firemen to white firemen equals the ratio of black citizens to white citizens in the City of Jacksonville. Plaintiff further alleged that the foregoing proposed plan violated Civil Service rules as to examination of all candidates and then placing the five highest scoring candidates on its eligibility list and, in addition, contravenes Florida Statute 112.042(1), F.S.A., prohibiting discrimination by any Florida governmental agency in employing solely because of race. Finally, plaintiff contended that if defendants were permitted to certify names of el-igibles to the Fire Division without complying with the “Rule of Five” through the use of segregated lists or by any other method which would result in the hiring of less qualified persons, the action will result in the lowering of the standards for the fire department, endanger the lives of plaintiff and other firemen and the lives and property of the citizens of Jacksonville, will be a waste of the taxpayer’s money, and violate the laws of Florida and the rules of the Civil Service Board.
*564 It is fundamental that in considering a motion to dismiss all matters or material allegations are admitted to be true. We hold that the subject complaint stated a cause of action.
The trial judge in his order dismissing the complaint observed that the defendants and the subject matter of the instant cause are the same as those contained in Case No. 71-44-Civ-J in the United States District Court, Middle District of Florida, Jacksonville Division, being styled Olivette Coffey, Jr., et al. v. Dwight Braddy, et al., and inasmuch as the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and the United States District Court for the Middle District of Florida are courts of concurrent jurisdiction and the federal court first obtained jurisdiction over the subject matter, the instant action should be dismissed.
If the record supported the foregoing finding we would be inclined to affirm. But such is not the case. The sole proof proffered by the City that the federal district court has taken jurisdiction of the subject matter was a certified copy of an order entered by the federal trial judge in a cause which involved three individual parties plaintiff and the defendants named herein.[2] Assuming that the federal order was properly before the trial court, we find nothing therein which vested a prior jurisdiction over the subject matter of this suit in the federal court.
The federal order recites that these defendants submitted a plan to that court.[3] Of importance is what the federal order did not find, viz.: That the laws of the State of Florida prohibiting discrimination in employment by race contravenes the federal Constitution, or that the Jacksonville Civil Service Regulations are in any respect unconstitutional. The federal order simply recites that the City of Jacksonville has submitted to that court a plan involving the employment of firemen by the City of Jacksonville which that court approves.
Issues raised in the instant complaint which are clearly not the subject matter of the federal proceeding are: Do the defendants possess the right to ignore their own Civil Service Rules and Regulations? Do the defendants possess the right to ignore by stipulation the clear language of the laws of Florida?
It might well be that in some future proceeding a federal court will, pursuant to the provisions of the federal Constitution, strike down the rules and regulations of the Civil Service Board and the laws of Florida which prohibit discrimination. And it might well be that the equal protection provisions of this State’s Constitution might require an abolishment of the Jacksonville Civil Service System. However, at this stage of the pleadings we are not privileged to speculate upon future happenings. We hold that the trial judge erred in concluding that the federal district court has preempted jurisdiction of the subject matter of the plaintiff’s complaint.[4]
Reversed and remanded with directions to reinstate the complaint.
WIGGINTON and JOHNSON, JJ., concur.

. Attached to the complaint and marked as Exhibit A, which reads ns follows:
“I have your letter of June 7, 1971, requesting my recommendation ns to a workable plan for the hiring of black firemen. I am enclosing a copy of a letter to Mayor Tanzler from Dr. Benjamin IVygal presenting the unanimous recommendations of the Citizen’s Committee on Firemen’s Examinations. I am also enclosing a copy of the report by the Consultants Hubbard and Daniels dated April 19, 1971 making recommendations to the committee. I have carefully studied both documents and recommend them to you as a basis for a workable plan in conjunction with our mutual court suit.
“The recommendations of the Consultants and the Citizen’s Committee differ in only one respect — the Consultants have recommended that both the written test and the physical agility test be scored on a pass or fail basis and have not included a ranking of candidates in their recommendation. This approach is in keeping with the recently published MODEL PUBLIC PERSONNEL ADMINISTRATION LAW of the NCSL. The League has also suggested that if the list of qualified persons is excessively long, consideration may be given to certifying only a workable number of persons to the appointing authority. The Citizen’s Committee has recommended separate lists for black and for white and other candidates for the selection of new firemen. I interpret this recommendation to include ranking on both lists and certification from either list following the Civil Service Board rules on certification, but on a black/white quota basis. There is merit to this approach if the General Counsel’s Office can satisfy your Board as to its legality.
“Most of the recommendations in the accompanying document do no violence to the merit system concept. Indeed, basing class specifications, examinations, and training on task analysis is a sound selection procedure. In the interest of time, our office has engaged the services of Mr. Daniels and Dr. Hubbard; and work on the task analysis and selection methods has now begun. The only real break from traditional Civil Service certification and appointment procedures in the Citizen’s Committee recommendation is the concept of separate lists by race. However, it is my understanding that this approach was followed by the City of Jacksonville a decade or so ago in the recruitment and selection of black policemen.
“I believe that the recommendations of the Consultants and the Citizen’s Committee is a workable plan which will enable us to maintain the high standards of the Jacksonville Fire Division and yet address ourselves to the problem of hiring black firemen.
/s/ Norman R. Sharpless, Jr.
Personnel Manager”

. Olivette Coffey, Jr., et al. v. Dwight Braddy, et al., Case No. 71-44—Civ-J, United States District Court, Middle District of Florida, Jacksonville Division.

. The recitals in this order reflect that the plan consented to by defendants violates the laws of the State of Florida and the Civil Service Rules and Regulations of the City of Jacksonville.

. State ex rel. Metropolitan Dade County v. Askew, 267 So.2d 827 (Fla.1972).